IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02526-CMA-MEH

RAYMOND WILLIAMS,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, a Florida corporation,

    Defendant.

---

## ORDER WITHDRAWING ORDER FOR SANCTIONS
---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Matthew Osborne's (Plaintiff's counsel) failure to appear at the status conference held on February 22, 2013.

On or about January 23, 2013, the Court received a telephone call from the parties informing the Court that the parties had settled the matter. Docket #12. Consequently, the Court vacated the January 24, 2013 scheduling conference and ordered the parties to file dismissal papers with the Court on or before February 8, 2013. *Id.* The parties did not file dismissal papers by that date; thus, on February 11, 2013, the Court sent an email to counsel for the parties seeking information as to why dismissal papers had not been filed. The next day, Mr. Osborne responded that he was expecting to receive the settlement check "any day." The Court received no further communications from the parties.

Accordingly, on February 19, 2013, the Court, finding that the parties had not complied with the order to file dismissal papers, set a status conference for February 22, 2013. On February 21, 2013, an individual from defense counsel's office called my Chambers and informed one of my law

clerks that the parties had settled and, thus, there was no need for the status conference. My law clerk took the individual at his word and agreed that the status conference would be vacated. However, once she hung up the phone and reviewed the docket in the case, she sent an "urgent" email to all counsel informing them that the status conference would go forward, since the Court had already been informed nearly a month earlier that the parties had settled.

The next morning, February 22, 2013, counsel for Defendant appeared, but Mr. Osborne did not. The Court attempted to contact Mr. Osborne; however, the voicemail greeting at Mr. Osborne's office stated that the office was closed for the day and that calls would be returned on Monday, February 25, 2013. The Court attempted to leave a voicemail message directing Mr. Osborne to file a written explanation for his failure to appear on or before February 25, 2013, however, it did not appear that Mr. Osborne's phone system even allowed a caller to leave a message despite his voice message's invitation to do so. Pursuant to Fed. R. Civ. P. 16(f) and this Court's inherent authority to award sanctions (*see Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438 (10th Cir. 1984) (en banc)), the Court awarded to Defendant its reasonable costs and attorney's fees expended in appearing at the February 22, 2013 Status Conference.

However, on February 25, 2013, Mr. Osborne filed a "Status Report" explaining that he had family in town during the week of February 18, 2013, and was out of the office February 19-22, 2013. Mr. Osborne asserts that "Eric Erickson" from defense counsel's law firm emailed him on February 21, 2013 stating that he spoke with Chambers and that the conference had been vacated. Mr. Osborne claims that he did not check his email again until February 22, 2013 at noon and, only then, saw the email from my law clerk.

Based upon shared responsibility for Mr. Osborne's failure to appear, the Court hereby

withdraws its order awarding attorney's fees and costs. First, defense counsel's responsibility lies with the telephone call to the Court seeking to vacate the conference because the parties had "settled." Clearly, as stated in the order setting the status conference, the Court was already aware that the parties had settled, but was concerned that the parties had failed to comply with the Court's order to file dismissal papers on or before February 8, 2013; thus, the telephone call was improper. Then, the Court itself was incorrect in initially agreeing with defense counsel's representative that the conference should be vacated; however, the law clerk immediately corrected the error by sending an urgent email to all parties. Finally, Mr. Osborne's responsibility lies in his failure to check his work emails during working hours. Had Mr. Osborne checked his emails when the work day began on Friday, February 22, 2013, he would have seen that the status conference was scheduled to proceed. Although attorneys are certainly entitled to vacation days, neither Mr. Osborne nor defense counsel, Wayne Vaden, nor any attorney who practices in this District can dispute that the profession requires constant and diligent review of cases pending in litigation.

THEREFORE, the Court hereby withdraws its order awarding Defendant its attorney's fees and costs expended in attending the February 22, 2013 status conference. The Court notes that the parties have filed a stipulation for dismissal of this case; therefore, no further status conferences are necessary at this time.

Dated this 25th day of February, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge